UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN E. WOODARD,

        Plaintiff,                    CIVIL ACTION NO. 04 CV 70017 DT

        v.                              DISTRICT JUDGE DENISE PAGE HOOD

NEIL SZABO, MARGARET            MAGISTRATE JUDGE VIRGINIA M. MORGAN
BRANDENBURG, LORI SWEET,
KATHY SVRCEK-HETFIELD, and
JAY RISING,

        Defendants.
_____/

**ORDER**

        This matter comes before the court on Defendant Sweet's Motion to Quash Plaintiff's First Request to Admit, for Production of Documents, and for Answers to Written Interrogatories. As discussed below, the court will grant the motion, though on grounds different than those asserted by defendant Sweet, but will order defendant Sweet to produce limited documents to plaintiff.

        Due to the imprecise nature of plaintiff's allegations against defendant Sweet, the court has had some difficulty in ascertaining the exact nature of his claims against her. The parties appear to be in agreement that plaintiff's claims arise under § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a). However, it is not clear under which section of ERISA plaintiff is proceeding. Defendant Sweet insists that the claim arises under §

- 1 -

502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that "[a] civil action may be brought...by a participant or beneficiary...to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Cases brought under § 1132(a)(1)(B) typically involve allegations that a plan administrator wrongfully denied or terminated benefits due under an ERISA-covered plan, such as long-term disability benefits.  As defendant Sweet correctly notes in her brief, absent allegations of procedural irregularities, judicial review in such cases is limited to the record before the administrative decision maker.  See Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 614-615 (6th Cir. 1998).  Accordingly, a claimant seeking relief under § 1132(a)(1)(B) can obtain discovery only if he alleges some procedural irregularity in the decision making process, such as a lack of due process or bias on the part of the decision maker. Id. at 619 (Gilman, concurring).  Plaintiff has not alleged any such procedural irregularities in his complaint.  Accordingly, if defendant Sweet is correct in her assertion that plaintiff's claim arises under § 1132(a)(1)(B), then he would not be entitled to any discovery in this matter. However, in this case, the administration record would have previously been provided to the participant or beneficiary.

  However, the court is not convinced, at this stage of the litigation, that plaintiff's claim arises under § 1132(a)(1)(B).  The allegations of the complaint could be construed as a claim for breach of fiduciary duty under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  See Varity Corp. v. Howe, 516 U.S. 489, 116 S.Ct. (1996)(holding that § 502(a)(3) of ERISA authorizes individual claim for breach of fiduciary duty under limited circumstances).  If so, then plaintiff

would not be barred from seeking discovery from defendant Sweet. The parties have not addressed this issue, and the court renders no opinion at this time as to whether plaintiff may proceed under either or both or none of these sections. The court raises the point simply to demonstrate that it is not a foregone conclusion at this stage of the litigation that plaintiff is barred from seeking discovery.

Notwithstanding the above, the court will grant defendant Sweet's motion to deny discovery, in part. The court has reviewed plaintiff's discovery requests, and with all due recognition to his *pro se* status, finds that they are, for the most part, vague, overly broad, unlikely to lead to the discovery of admissible evidence, and only partially intelligible. Plaintiff's discovery requests, as propounded, are thus quashed. However, if plaintiff's claim is one for relief under 29 U.S.C. § 1132(a)(1)(B), as defendant Sweet asserts, then plaintiff would be entitled, at a minimum, to copies of the documents used in the decision making process.

Accordingly, IT IS ORDERED that defendant Sweet is to produce to plaintiff within 21 days of the date of this order the "administrative record," that is, copies of all documents used in the decision making process regarding the disposition of the life insurance proceeds at issue.

IT IS SO ORDERED.

                                                s/Virginia M. Morgan
                                                VIRGINIA M. MORGAN
Dated:   June 3, 2005             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN E. WOODARD,

       Plaintiff,                        CIVIL ACTION NO. 04 CV 70017 DT

    v.                                DISTRICT JUDGE DENISE PAGE HOOD

NEIL SZABO, MARGARET          MAGISTRATE JUDGE VIRGINIA M. MORGAN
BRANDENBURG, LORI SWEET,
KATHY SVRCEK-HETFIELD, and
JAY RISING,

       Defendants.
_____/

**ORDER**

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing ORDER was served on the parties and attorneys of record herein by electronic means or U.S. Mail on June 3, 2005.

                            s/Jennifer Hernandez
                            Case Manager to
                            Magistrate Judge Morgan