UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN E. WOODARD,

       Plaintiff,                     CIVIL ACTION NO. 04 CV 70017 DT

       v.                              DISTRICT JUDGE DENISE PAGE HOOD

NEIL SZABO, et al.,             MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION RE: DEFENDANT SVRCEK-HETFIELD'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This matter comes before the court on defendant Kathy Svrcek-Hetfield's motion for summary judgment. For the reasons stated below, the court recommends that the motion be granted and that plaintiff's complaint be dismissed with prejudice as to defendant Svrcek-Hetfield.

### II. Background

Plaintiff's mother obtained a life insurance policy from the Metropolitan Life Insurance Company ("MetLife") through a General Motors benefits program.[1] She named plaintiff as the beneficiary of the policy. Upon the death of plaintiff's mother, defendant Lori Sweet, who is an

---

[1] Plaintiff is currently an inmate at the Parr Highway Correctional Facility in Adrian, Michigan. He was incarcerated at the time of the events that gave rise to this cause of action.

- 1 -

employee of MetLife, was assigned to the matter. She opened a Total Control Money Market Option Account ("Account") in plaintiff's name and paid the proceeds of the policy into the Account. Plaintiff then executed a Power of Attorney designating defendant Margaret Brandenburg, who is an attorney licensed to practice in the State of Michigan, as his agent for the purpose of, *inter alia*, controlling the funds during his incarceration.

Following the creation of the Account, defendant Jay Rising, who is the State Treasurer for the State of Michigan, filed a claim in the Wayne County Circuit Court to recover a portion of plaintiff's assets pursuant to the State Correctional Facility Reimbursement Act (SCFRA), M.C.L.A. 800.401 *et seq*. At or near the time the SCFRA case was filed, defendant Brandenburg withdrew the funds from the Account and deposited the funds in a Morgan Stanley account created in plaintiff's name.

On February 28, 2003, Wayne County Circuit Court Judge Gershwin Drain entered a final order granting defendant Rising the requested relief. The order stated the following:

> This matter having come before the Court on a Complaint and Order to Show Cause why an Order should not be entered appropriating and applying the defendant's assets to reimburse the State for the cost of defendant's confinement in a State correctional facility in accordance with the State Correctional Facility Reimbursement Act (SCFRA), being MCL 800.401, et seq, MSA 28.1701 et seq, and defendant Kevin Woodard having been served more than 30 days prior to this Order (on December 6, 2002) and the Court having been fully advised:
>
> **IT IS ORDERED THAT**:
>
> 1. 90% of Defendant Kevin Woodard's assets be paid to the State of Michigan as partial reimbursement for expenses incurred for his

>  incarceration.  This amount is not to exceed the actual costs of incarceration ($313, 140.00).
>
>  2.  Funds currently held by Defendant Margaret Brandenburg, Power of Attorney for Defendant Kevin Woodard[,] shall be disbursed as follows:
>
>>  a.  Attorney fees in the amount of $5,192.30 shall be paid to Margaret Brandenburg.
>
>  Of the remaining balance:
>
>>  b.  90% payable to the "State of Michigan" and mailed to: Kathleen A. Gardiner, Prison Reimbursement Section, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.
>>
>>  c.  10% to defendant Kevin Woodard.
>
>  3.  Upon the above reimbursement, this case shall be dismissed without prejudice, and without costs to any party.
>
>  4.  This Final Order resolves the last pending claim in this matter and closes the case.

<u>See</u> Exhibit A, Kathy Svrcek-Hetfield's Motion for Summary Judgment.

On June 26, 2003, Judge Drain entered an "Order Clarifying/Amending Final Order" in which he identified the accounts from which the funds were to be paid and set forth more clearly that manner in which the funds were to be distributed.  The order stated, in part, the following:

>  2.  That Kevin Woodard has two accounts, i.e., a MetLife [] Account, # 404-3368594, with a balance as of November 30, 2002 of $656.54 and a Morgan Stanley Account, #026392, with a balance as of March 31, 2003 of $62,201.26.
>
>  4.  This order is required to provide Morgan Stanley with the necessary language to effectuate the original Order entered on February 28, 2003, and to adjust the attorney fees to the Receiver.

**IT IS ORDERED**:

A. The terms and provision of the Final Order entered on February 28, 2003, shall remain in effect except as modified herein;

B. That Morgan Stanley is ordered to pay to the following individuals and/or entities the following amounts from Account No. 026392:

> a. To Margaret Brandenburg the sum of $6,192.30, which represents the attorney fee ordered on February 28, 2003 in the amount of $5,192.30, plus the additional $1,000 incurred as set forth above to be deducted from the sum payable to the State of Michigan;
>
> b. To the State of Michigan the sum of $50,898.95, which represents 90% of the combined balances from the MetLife Account and [the] Morgan Stanley Account ($57,665.50), minus attorney fees of $6192.30 ($51,898.95), minus the deduction of the additional $1,000 attorney fee as set forth in paragraph B(a) above.

See Exhibit A, Kathy Svrcek-Hetfield's Motion for Summary Judgment. Morgan Stanley, through defendant Svrcek-Hetfield, distributed the funds as directed in the orders.

Following the termination of the Wayne County proceeding, plaintiff filed suit in the Circuit Court for the County of Genesee, Michigan, against several parties, alleging, *inter alia*, claims of negligence, gross negligence, and breach of fiduciary duty with respect to the handling of the life insurance proceeds, which plaintiff contends are "federally protected ERISA finds." See, e.g., Non-Moving Party's Response in Opposition to Kathy Svrcek-Hetfield's Motion for Summary Judgment. As to defendant Svrcek-Hetfield, plaintiff alleges in his complaint that she had a duty to distribute the funds in accordance with the orders entered in the Wayne County

proceeding and that she distributed the funds to the State of Michigan and to defendant Brandenburg as directed, but that she failed to "account for" the remaining 10 percent that was to be paid over to him pursuant to the terms of the orders. See Plaintiff's Complaint, ¶ 109-117. Plaintiff further alleges that defendant Svrcek-Hetfield was negligent and/or grossly negligent with respect to her handling of the funds. See Plaintiff's Complaint, ¶ 80-88.

Defendant Sweet removed the entire action to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(c) on the ground that the GM benefits program through which the MetLife policy was obtained was an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA) and that plaintiff's complaint stated a claim for relief under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). As noted above, the matter now comes before the court on defendant Svrcek-Hetfield's motion for summary judgment.

### III.  Discussion

#### A.  Summary Judgment Standards

Defendant Svrcek-Hetfield moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c).  In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant.  See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).  Once the moving party has carried his or her burden of demonstrating the absence of a genuine issue of material fact, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1356.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**B.  Analysis**

The crux of plaintiff's claim, whether characterized as one for negligence, gross negligence, or something else, is that defendant Svrcek-Hetfield failed to fully account for the insurance policy proceeds held by Morgan Stanley.  Again, under the terms of the Wayne County Circuit Court's June 26, 2003 order, defendant Svrcek-Hetfield was required to pay $6,192.30 to defendant Brandenburg, $50,898.95 to the State of Michigan, and the balance of the account to plaintiff.  Contrary to plaintiff's allegations, the record before the court, as discussed below, conclusively establishes that defendant Svrcek-Hetfield fully complied with the June 26, 2003 order and that she paid over to plaintiff all of the funds he was entitled to thereunder.

Defendant Svrcek-Hetfield attached to her motion for summary judgment copies of three cancelled checks drawn on a Morgan Stanley account at Harris Bank Roselle, Roselle, Illinois.

Exhibit B to the motion is a copy of the front and back of a Morgan Stanley check dated September 11, 2003, in the amount of $6,192.30 payable to "Margaret Brandenburg." The copy of the back of the check indicates that defendant Brandenburg deposited the check in a Bank One account on September 29, 2003. Exhibit C to the motion is a copy of the front and back of a Morgan Stanley check executed on September 11, 2003 in the amount of $50,898.95 payable to the "State of Michigan...C/O Kathleen A. Gardiner." The copy of the back of the check indicates that the State deposited it in a Bank One account on September 19, 2003. Exhibit D is a copy of a Morgan Stanley check dated September 11, 2003 in the amount of $5,282.84 payable to "Kevin Woodard." The check states plaintiff's Michigan Department of Corrections inmate number, No. 165148, and the address of the Gus Harrison Correctional Facility, Adrian, Michigan, where plaintiff was incarcerated at the time of the execution of the check. The copy of the back of the check indicates that it was deposited by the "State of Michigan, Gus Harrison Corr. Facility" in a checking account at the Sky Bank, Liverpool, Ohio, on September 18, 2003. Further, defendant Svrcek-Hetfield attached to her Reply Brief in Support of Motion for Summary Judgment a copy of a statement for plaintiff's Morgan Stanley account, Account No. 444 026392 027, for the month of September, 2003. The statement shows that funds were paid out of the account to defendant Brandenburg, the State of Michigan, and plaintiff in the amounts stated above and that the balance in the account after payment of the funds to defendant Brandenburg and the State was paid to plaintiff.

  These documents demonstrate that defendant Svrcek-Hetfield complied with the orders of the Wayne County Circuit Court and that she paid over to plaintiff all of the funds to which he

was entitled. Plaintiff has not challenged the authenticity of these documents, and he has presented no documents or other evidence in opposition thereto. In order to withstand a motion for summary judgment, a plaintiff must present affirmative evidence in support of his allegations. He cannot simply rely on the allegations set forth in his complaint or assertions made in a brief. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514 (1986). Plaintiff submitted no evidence whatsoever in response to defendant Svrcek-Hetfield's motion for summary judgment, let alone evidence indicating that she failed to comply with the Wayne County Circuit Court orders or that she otherwise failed to fully account for the insurance proceeds held by Morgan Stanley. Accordingly, the court concludes, on the record before it, that a rational trier of fact could not find in favor of plaintiff as to his claim that defendant Svrcek-Hetfield failed to account for the funds. She is therefore entitled to summary judgment.

In addition to the above, plaintiff appears to contend that even if defendant Svrcek-Hetfield distributed the funds in accordance with the orders of the Wayne County Circuit Court, she acted improperly in so doing because the Circuit Court did not have the authority to order the seizure and distribution of "federally protected ERISA funds," the orders were thus invalid, and defendant Svrcek-Hetfield either knew or should have known that the orders were invalid. Setting aside the fact that plaintiff did not plead such a claim in his complaint, his argument is flawed in at least two significant respects. First, the proceeds of a life insurance policy are not "federally protected ERISA funds," as alleged by plaintiff. ERISA governs both "employee welfare benefit plans," 29 U.S.C. § 1002(1), and "employee pension plans," 29 U.S.C. § 1002(2). A life insurance policy constitutes an "employee welfare benefit plan" within the

meaning of 29 U.S.C. § 1002(1), not an "employee pension plan" under 29 U.S.C. § 1002(2). See Metropolitan Life Ins. Co. v. Marsh, 119 F.3d 415, 419 n. 4 (6th Cir. 1997); see also Rudolph v. Public Service Co. of Colorado, 847 F. Supp. 152, 154 (D.Colo. 1994); Metropolitan Life Ins. Co. v. Williams, 82 F. Supp.2d 1346, 1349 (M.D. Fla. 1999). Plaintiff's contention that the insurance proceeds are "federal protected ERISA funds" is based upon on ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), which states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." However, ERISA expressly provides that the anti-alienation provision does not apply to "employee welfare benefit plans." See 29 U.S.C. § 1051; see also Metropolitan Life Ins. Co., 119 F.3d at 419. Thus, the proceeds of a life insurance policy, as part of an "employee welfare benefit plan," are not subject to the provision. Accordingly, to the extent plaintiff's claim against defendant Svrcek-Hetfield is based upon an alleged violation of ERISA's anti-alienation provision, his claim cannot be sustained.[2]

The second fatal flaw in plaintiff's argument is that defendant Svrcek-Hetfield distributed the insurance proceeds pursuant to, and in accordance with the terms of, a facially valid court order and is thus entitled to quasi-judicial immunity, regardless of whether the order was

---

[2]Even if the order was entered in violation of the anti-alienation provision, the Rooker-Feldman doctrine bars plaintiff from collaterally challenging the order on the merits in this proceeding. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923).

properly entered as a matter of law.[3] "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Execution or enforcement of a court order is an integral part of the judicial process. Id. Thus, courts have routinely applied the doctrine to shield individuals from liability on claims arising from the execution or enforcement of an order. See, e.g., Foster v. Walsh, 864 F.2d 416 (6th Cir. 1988)(court clerk entitled to quasi-judicial immunity for erroneous issuance of warrant where warrant was issued at judge's direction); Alkire v. Irving, 305 F.3d 456 (6th Cir. 2002)(sheriff entitled to quasi-judicial immunity against claim arising from execution of court orders); Davis v. Bayless, 70 F.3d 367, 373 (5th Cir. 1995)(court-appointed receiver); Patterson v. Von Riesen, 999 F.2d 1235 (8th Cir. 1993)(prison wardens); Turney v. O'Toole, 898 F.2d 1470 (10th Cir. 1990)(state hospital superintendent and psychologist). Defendant Svreck-Hetfield was, in effect, acting as an "arm" of the Wayne County Circuit Court when she distributed the funds in the Morgan Stanley account pursuant the Circuit Court's order. The court thus funds that she is entitled to quasi-judicial immunity.

The court further notes that if the order directing distribution of the life insurance proceeds was, in fact, entered in error, plaintiff could have sought review through the state court

---

[3]There is no question that the order directing Morgan Stanley to distribute the funds in its possession is facially valid. It bore the caption of the Wayne County Circuit Court, the names of the parties, the attorneys, and the judge, it set forth in specific terms the manner in which the funds were to be distributed, it bore the judge's signature, and it was stamped by the Wayne County Clerk. Further, there are no procedural or jurisdictional defects present on the face of the order.

appellate process. There is nothing in the record indicating that he availed himself of that opportunity. Defendant Svrcek-Hetfield had no duty to independently determine whether the order was properly entered as a matter of law. As the United States District Court for the Southern District of Ohio stated in Worral v. Irwin, 890 F. Supp. 696, 708 (S.D. Ohio 1994)(quoting Wholesale Electric & Supply, Inc., 22 Ohio St.2d. 181, 184, 258 N.E.2d 432 (1970):

> [T]he speedy administration of justice requires that the mandates of all courts and tribunals and persons possessing judicial power should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing its mandates, and hold them harmless so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not.

Plaintiff, having failed to seek appellate review of the order, cannot now attempt to cure his own inaction by laying blame at the feet of a party whose only role in the underlying proceedings was to execute a facially valid order.

### IV. Conclusion

For the reasons stated above, the court recommends that defendant Svrcek-Hetfield's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as to defendant Svrcek-Hetfield.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

      s/Virginia M. Morgan
      VIRGINIA M. MORGAN
Dated:   June 20, 2005      UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Kevin Woodard and the attorneys of record by electronic means or U.S. Mail on June 20, 2005.

      s/Jennifer Hernandez
      Case Manager to
      Magistrate Judge Morgan