**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEVIN WOODARD

           Case No. 04-CV-70017-DT

    Plaintiff,

v.           **HONORABLE DENISE PAGE HOOD**

NEIL SZABO, et al.,

    Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND
DISMISSING DEFENDANT KATHY SVRCEK-HETFIELD ONLY**

This matter is before the court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated June 20, 2005. Plaintiff filed Objections to the Report and Recommendation on July 6, 2005.

The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion. This Court agrees with the Magistrate Judge that the Plaintiff has made several allegations, but has not offered sufficient proof to withstand summary judgment. The Complaint specifically alleges that the Defendant Kathy Svreck-Hetfield failed to account for the money that was invested in Plaintiff's Morgan Stanley account, and in so doing acted negligently as an agent of the bank.

The Plaintiff's claim rests on the premise that the Michigan State Circuit Court did not have the authority to order the seizure and the distribution of his funds. More specifically, the Plaintiff alleges that the money located in the Morgan Stanley account was "federally protected ERISA

1

funds," making the State Court's orders invalid.  In addition, the Plaintiff also seems to argue that even if the Defendant Svrcek-Hetfield did distribute the funds in accordance with the orders of the State Court, she should have known that such a distribution was invalid.

This Court finds that Plaintiff's arguments have been fully addressed by the Magistrate Judge's Report and Recommendation. The Court agrees with the Magistrate Judge that under 29 U.S.C. § 1002(1) and (2), "welfare benefit plans" and "employee pension plans" are federally protected under ERISA but that the anti-alienation provision of the statute which protects the voluntary and involuntary distribution of assets applies only to "employee pension plans." Defendant Svrcek-Hetfield could not have violated the ERISA provisions, since the Plaintiff's assets were derived from a life insurance policy which qualifies as an "employee benefit plan," but not an "employee pension plan."

In addition, because Defendant Svrcek-Hetfield distributed the funds by a State Court Order, she is protected from liability. The established case law in Michigan holds that an individual who acts in accordance with an order of the court, and where such individual actions are so integrally tied to the judicial process, such individual shall be entitled to quasi-judicial immunity. See *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) and *Alkire v. Irving*, 305 F.3d 456 (6th Cir. 2002).

Plaintiff offers no proof to support his allegations that the Defendant Svrcek-Hetfield committed malfeasance or gross negligence.  The record before this Court supports Defendant Svrcek-Hetfield's argument that she was merely complying with a State Court Order. Plaintiff's claims are without merit.

In his objections, Plaintiff claims that the Magistrate Judge is biased because of personal interest before the Court.  The Court will not address this issue since this argument is raised for the first time in his objections.  Plaintiff did not raise this argument in his response to the summary

judgment motion before the Magistrate Judge.

For the reasons set forth above,

**IT IS ORDERED** that Magistrate Judge Virginia Morgan's Report and Recommendation dated June 20, 2005 **(Docket No. 56)** is **ACCEPTED and ADOPTED** as this Court's Findings of Fact and Conclusions of Law**.**

**IT IS FURTHER ORDERED** that the Defendant Svrcek-Hetfield's Motion to Dismiss and/or Summary Judgment **(Docket No. 35, filed April 27, 2005)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Svrcek-Hetfield only is **DISMISSED** with prejudice from this action. Defendant Margaret Brandenburg remains at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Interlocutory Appeal **(Docket No. 62, filed July 7, 2005)** from the Magistrate Judge's Order denying his Motion for Appointment of Counsel is **DENIED,** the Court finding that the Magistrate Judge's Order was not clearly erroneous, nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P.72(a).

                                                  s/ DENISE PAGE HOOD
                                                  DENISE PAGE HOOD

DATED: August 2, 2005                    United States District Judge