UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN E. WOODARD,

        Plaintiff,                      CIVIL ACTION NO. 04 CV 70017 DT

        v.                             DISTRICT JUDGE DENISE PAGE HOOD

NEIL SZABO, et al.,                MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the court on Defendant Lori Sweet's Motion for Judgment on the Administrative Record or in the Alternative, Motion for Summary Judgment. The facts of this case have been set forth in this court's prior reports recommending dismissal of plaintiff's claims against other defendants, which are incorporated here by reference. Essentially, plaintiff claims an improper taking of life insurance proceeds due to him on his mother's death.

As for the substance of plaintiff's claims against defendant Sweet, all facts and law relevant to the claims have been set forth in the court's prior reports. No recommendation was made at that time as to defendant Sweet because she had not filed a dispositive motion seeking relief. As the court has stated previously, plaintiff has neither alleged nor shown that he has suffered any legally cognizable injury. The "injury" of which plaintiff ultimately complains – the seizure of the proceeds of his mother's life insurance policy – was the result of a valid court

order entered in a proceeding lawfully brought by the Treasurer of the State of Michigan pursuant to State Correctional Facility Reimbursement Act (SCFRA), M.C.L. 800.401 *et seq*. Plaintiff did not avail himself of the opportunity to challenge that order through the state court appellate process, and, having failed to do so, he has attempted to avoid that order by suing anyone who was even tangentially involved with the handling of the life insurance policy and the proceeds thereof.  Plaintiff has utterly failed to show any wrongdoing on the part of defendant Sweet, or, for that matter, on the part of any of the other defendants he brought suit against, with respect to the handling of the policy or the funds.  Accordingly, the court recommends that defendant Sweet's motion be **GRANTED** and that plaintiff's claims against her be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                              s/Virginia M. Morgan
                                                              VIRGINIA M. MORGAN
Dated:   December 9, 2005                 UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon Kevin Woodard and counsel of record via the Court's ECF System and/or U. S. Mail on December 9, 2005.

                                                              s/J Hernandez
                                                              Case Manager to
                                                              Magistrate Judge Virginia M. Morgan