# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN WOODARD

                    Plaintiff,

v.

NEIL SZABO, MARGARET
BRANDENBURG, LORI SWEET,
KATHY SVRCEK-HETFIELD[1] and
JAY RISING,

                    Defendants.

_____/

Case No. 04-CV-70017-DT

**HONORABLE DENISE PAGE HOOD**

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS
## AND
## ORDER REMANDING REMAINING CLAIM AGAINST DEFENDANT SZABO

## I.     INTRODUCTION/SUMMARY JUDGMENT STANDARD

This matter is before the Court on Magistrate Virginia M. Morgan's Reports and Recommendations dated October 12, 2005 and December 9, 2005 on summary judgment motions filed by Defendants Jay Rising, Lori Sweet and Margaret Brandenburg. Plaintiff filed Objections to the Reports and Recommendations.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Matsushita Electric Industrial Co., Ltd., et al, v. Zenith Radio Corp., et al,* 475 U.S. 547, 587, 106 S. Ct. 1348, 1356

---

[1] Defendant Svrcek-Hetfield was dismissed from this action in an Order entered August 2, 2005.

(1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 591-92 (6th Cir. 2001).  In

order for Plaintiff to survive summary judgment, he "must come forward with specific facts showing

that there is a 'genuine issue for trial.'"  *Matsushita,* 475 U.S. at 587, 106 S. Ct. at 1356.

## II.     ANTI-ALIENATION PROVISION UNDER ERISA

Plaintiff's cause of action, as is his Objection to the Report and Recommendation is premised

upon the assertion that the funds of his deceased mother's life insurance policy were wrongfully

seized by the State of Michigan.  Plaintiff claims that this action is governed by the anti-alienage

provisions of the Employment Retirement Income Security Act ("ERISA"), more specifically, 29

U.S.C. §1002(1) and (2).  Plaintiff argues that the seized proceeds come from an "employee pension

plan" and are therefore protected from seizure by the State.  Defendants argue that the life insurance

policy was a "welfare benefit plan" and is not protected from the possibility of lawful seizure by the

State.

The anti-alienation provision at 29 U.S.C. § 1056(d)(1) states that "[e]ach pension plan shall

provide that benefits provided under the plan may not be assigned or alienated."  However, ERISA

also states that anti-alienation provisions do not apply to "employee welfare benefit plan[s]."  29

U.S.C. §1051; *see Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 419 n. 4 (6th Cir. 1997).  The

Court finds that the funds at issue is not a benefit under a pension plan but are funds from an

employee welfare benefit plan which is not protected by the anti-alienation provision under ERISA.

The Court specifically addresses each remaining Defendant below.

## III.    DEFENDANT RISING'S MOTION FOR SUMMARY JUDGMENT

Defendant Rising is the State Treasurer for the State of Michigan.  This Court has had an

opportunity to review the Report and Recommendation issued by the Magistrate Judge on Defendant

Rising's Motion for Summary Judgment and concludes that the Magistrate Judge was correct in her

reasoning and conclusions.  This Court agrees with the Magistrate Judge that the Plaintiff has made several allegations, but has not offered sufficient proof to withstand summary judgment.  First, the Court agrees with the Magistrate Judge that according to the Rooker-Feldman doctrine this Court should decline to review the matter.  Second, Defendant Rising is granted immunity from liability in matters within the scope of his executive authority as granted by M.C.L.A. § 691.1407(5).  Finally, Plaintiff lacks the authority to bring a claim on behalf of his deceased mother's estate.

For the reasons asserted in the Report and Recommendation, namely, the proper application of the Rooker-Feldman doctrine, Defendant Rising's immunity as granted by statute, and Plaintiff's failure to show that he has authority to raise a claim on behalf of his mother's estate, Plaintiff, as a matter of law, has failed to present a genuine issue of material fact with respect to Defendant Rising.

## IV.    DEFENDANT SWEET'S MOTION FOR SUMMARY JUDGMENT

The Complaint specifically alleges that Defendant Sweet, an agent of MetLife, improperly placed life insurance benefits into a Morgan Stanley account.  The Plaintiff's claim rests on the premise that the Michigan State Circuit Court did not have the authority to order the seizure and the distribution of his funds.  More specifically, the Plaintiff alleges that the money located in the Morgan Stanley account was "federally protected ERISA funds," making the State Court's orders invalid.  Plaintiff also argues that Defendant Sweet should have known that the distribution of funds was invalid and in disbursing the funds to the Morgan Stanley account, acted negligently.

This Court finds that Plaintiff's arguments have been fully addressed by the Magistrate Judge's Report and Recommendation.  This Court agrees with the Magistrate Judge that the injury of which Plaintiff complains - the seizure of the proceeds of his mother's life insurance policy - was the result of a valid court order entered in a proceeding lawfully brought by the Treasurer of the State of Michigan pursuant to the State Correctional Facility Reimbursement Act (SCFRA), M.C.L.A. §

3

800.401 *et seq.* Because the funds were distributed by a State Court Order, Defendant Sweet is protected from liability. Plaintiff failed to show any wrongdoing on the part of Defendant Sweet with respect to the handling of the policy or funds. The established case law in Michigan holds that an individual who acts in accordance with an order of the court, and where such individual actions are so integrally tied to the judicial process, such individual shall be entitled to quasi-judicial immunity. See *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Alkire v. Irving*, 305 F.3d 456 (6th Cir. 2002).

The Court also agrees with the Magistrate Judge that Defendant Sweet could not have violated the ERISA provisions, since Plaintiff's assets were derived from a life insurance policy which qualifies as an "employee benefit plan" but not an "employee pension plan." Defendant Sweet is entitled to summary judgment as a matter of law.

## V.    DEFENDANT BRANDENBURG'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's claims against Defendant Brandenburg arise as a result of her compliance with the State order seizing the funds of his deceased mother's life insurance policy. Plaintiff had executed a Power of Attorney designating Defendant Brandenburg, an attorney license to practice in the State of Michigan, as the agent for the purpose of controlling the funds during his incarceration. Plaintiff makes no assertion of fraud, misappropriation, or material breach of the Power of Attorney. The Court agrees with the Magistrate Judge that Defendant Brandenburg properly accounted for and preserved all the funds over which she had control. The Court further agrees with the Magistrate Judge that Defendant Brandenburg did not misappropriate the funds but that the funds were seized by the State of Michigan pursuant to a court order. Plaintiff has not shown that Defendant Brandenburg had any authority to disregard a validly-entered court order. Defendant Brandenburg is entitled to summary judgment on any claims relating to the funds seized by the State of Michigan.

The Court also agrees with the Magistrate Judge that Defendant Brandenburg is entitled to

4

a dismissal of Plaintiff's failure to supervise claim against Defendant Brandenburg relating to Defendant Szabo's representation of Plaintiff in a criminal matter.  Nothing in the Power of Attorney shows that Defendant Brandenburg was to supervise Defendant Szabo in the representation of Plaintiff in a criminal matter and Plaintiff has not shown that Defendant Brandenburg represented Plaintiff in any criminal matter.  The claims against Defendant Brandenburg relating to the supervision of Defendant Szabo must be dismissed.  However, the Court does not express any opinion as to any legal malpractice claim against Defendant Brandenburg Plaintiff may have which is not related to claims relating to the funds seized by the State of Michigan and supervisory claim of Defendant Szabo.  Based on a liberal construction of the Complaint, the Court finds no such claim against Defendant Brandenburg.  Plaintiff may pursue any legal malpractice claim against Defendant Brandenburg which is not related to the funds seized by the State of Michigan and any supervisory claim of Defendant Szabo.  Defendant Brandenburg is dismissed from this action.

## VI.   DEFENDANT SZABO

Defendant Szabo represented Plaintiff in a criminal matter.  For the reasons specified in the Report and Recommendation, this Court declines to exercise supplemental jurisdiction over the legal malpractice or disciplinary claims against Defendant Szabo.  28 U.S.C. §1367(c)(2).  The Court notes that the Michigan Supreme Court has the authority to regulate the conduct of the members of the State Bar of Michigan.  M.C.L.A. § 600.904.  A legal malpractice claim is a state law claim which the State courts are best suited to review.  The Court remands the legal malpractice claim against Defendant Szabo back to the Genesee County Circuit Court.

## V.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Reports and Recommendation filed by Magistrate Judge Morgan

**(Docket Nos. 80 and 91)** are ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that the Request for Enlargement of Time to File Response to Report and Recommendation **(Docket No. 92, filed December 22, 2005)** is GRANTED.

IT IS ORDERED that Defendant Rising's Motion to Dismiss and/or for Summary Judgment **(Docket No. 64, filed July 29, 2005)** is GRANTED.  Defendant Rising is DISMISSED from this action.

IT IS FURTHER ORDERED that Defendant Sweet's Motion for Summary Judgment **(Docket No. 77, filed October 5, 2005)** is GRANTED.  Defendant Sweet is DISMISSED from this action.

IT IS FURTHER ORDERED that Defendant Brandenburg's Motion for Summary Judgment **(Docket No. 46, filed June 1, 2005)** is GRANTED.  Defendant Brandenburg is DISMISSED from this action.

IT IS FURTHER ORDERED that the remaining claim against Defendant Szabo is REMANDED back to the Genesee County Circuit Court, State of Michigan. The Clerk shall prepare the necessary paperwork to effectuate the remand forthwith.


     /s/   DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 31, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

7